The fourth district appellate court of the state of Illinois has now convened the Honorable James a connect presiding. Thank you. Our first case of the know it's our second case of the afternoon is for 210220 people of the state of Illinois versus James L Barry would counsel for the appellate please state your name for the record. Ross Allen. And would counsel for the appellate please state your name for the record. Brittany Whitfield. Thank you. You may proceed. Mr Allen. Thank you. May it please the court brought down from the, from the office of the state of health defender, representing the appellant James Barry. First, this court should reverse and remand because James Barry's trial counsel suffered from a per se conflict of interest, and Barry did not knowingly waive his right to conflict free counsel counsel suffered from a per se conflict of interest, because he represented Barry at the same time as one of the state's witnesses month before trial Barry's counsel admitted this to the court. Notably, this information came out after the state's witness had already testified at a hearing on the state's one 1510 motion. The case law is clear, a per se conflict exists for counsel contemporaneously represented represented both the defendant and a state's witness. As this court explained in Murphy. Indeed, this applies, even where, like here, councils representation of the witness ended before the defendants trial. The state doesn't dispute that Barry's trial counsel contemporaneously represented the state's witness, and therefore labored under a per se conflict. The Illinois Supreme Court has been clear, when a per se conflict exists, it requires automatic reversal of the criminal conviction, unless the defendant waves his right to conflict free counsel. Here, Barry did not knowingly waive counsel's per se conflict. The circuit court failed to properly admonish Barry, and ensure that he understood how the conflict could affect even subtly councils representation of him. Barry was aware of the existence of a conflict, but the circuit courts admonishments did not convey its significance. Here the circuit court, just ask Barry. So, if I can interrupt for a minute. Wasn't there an off the record conversation here in which that was discussed there. So, under the case law, an off the record conversation is not enough. A on the record discussion needs to happen so that it is clear what what Barry was told, and how, so that he knows exactly how that how counsel's representation of him could be affected by that conflict. The, the judge did reference on off the record conversation, but the judge did not detail what that conversation entail, which is necessary under the case law to find that he properly waived his right to conflict free counsel. I'm not asking you to concede anything and we would not operate regarding anything that's off the record. But do you think actually in a practical sense it's quite likely that something additional was explained, and that Mr. Barry may very well have been informed. Understand that's not a concession. That's just an observation. Yeah. I can't guess what was discussed and what was said, you know, after looking at all the different case law. As to the waiver of the right to conflicted counsel. The number of conversations that are had with the defendant who is waving it often they are just short. They don't seem to discuss the actual how it could impact their actual case, it's usually just very kind of short and curt discussing you know, are you fine with the council, have you been told about it, but they really need to know the details of that So, the attorney may deal with that specific witness understood understood Council, please proceed. This case is very similar to this court's recent unpublished order and people be Richardson, they are similar to hear the circuit court just asked if the defendant had adequate time to speak with counsel and counsel never explained on the record the specifics of the discussion, and the court did not ask for details about it either. I'm sorry. You were going to say something about Richardson. Yeah. Just as here, there, there was no discussion on the record, as the various issues which may arise because of the conflict, or the effect of councils representation in Richardson, the court concluded that the defendant did not knowingly and intelligently waive the conflict of interest, because of the failure to show that the defendant understood that the defendant that the defendant understood the potential issues that might arise from the conflict, and this court should conclude the same here and reverse and remand or a new trial. So what I was going to ask you about Richardson is isn't that case distinguishable. Their defense counsel had a contemporary representation of represented at the same time a witness that had another case with the defendant as a co defendant. That's not at all the relationships that we have here is it. No, but there are plenty of cases, such as Murphy, that this court decided where counsel represented a state's witness pre trial. And, you know, also in Richardson, they were not a co defendant in this in that specific case, it was just simply in that specific case, a witness for the prosecution. There are numerous cases, you know, in stove all the, the, the, the Supreme Court found contemporary and his representation where counsel represented the victim in on on related civil case in Thomas, they found a conflict for pre trial representation. So, the issue comes down to whether or not there was contemporaneous representation, it doesn't matter that it was a co defendants, versus a witness in Yoast the Illinois Supreme Court recently outlined the three categories of per se conflicts and the That is all that is that is needed, it doesn't need to be a co defendants, it just needs to be a state's witness. That is contemporaneously represented. And that is what occurred here. Thank you. Second, this, this court aired in relying on evidence of of arrest to sentence Barry, as a class x offender. The circuit court needed to determine the date that the predicate felony was committed, not the day, Barry was very was arrested for it. Under the statute, the state needed to show that Barry had had two previous convictions for forcible felonies classified as a class two or greater. And the first forcible felony must have been committed after February 1 1978 at sensing the state claimed they had evidence that Barry committed the forcible felony. After February 1 1978 Barry objected, asserting that the state did not have that evidence defense counsel attacked the reliability of the evidence because because the death did not occur. Immediately, and therefore, the evidence of Barry's arrest was was insufficient to establish that he committed the first forcible felony after the relevant date. At best, excuse me, didn't the state then bring in the lead sheet, showing a date of 913 78. So the lead sheet is not in the record. The state never submitted it to the court. The state said that a different document which was in in the record also gave gave the date. But if you look at those that those documents from the Cook County clerk. Those do not show that it that it that that that those documents showed when the offense occurred. Defense counsel pointed out the unreliability of the lead sheet and asked for the state to produce a document that showed the offense was committed. The trial court in ruling did not rely on the lead sheet, it specifically referenced the documents from the clerk and a lead sheet is from the is from the Illinois State Police. It follows the court would not rely on it because the court hadn't seen it, you know, the state never submitted it and defense counsel questions, it's reliability. The state knew the date when the indictment was filed, but they did not get a copy of that charging document to establish when the offense occurred. The other sheet is the other sheet that you're referring to the rap sheet. Yes. Okay. Thank you. The, the circuit court needed to needed to ensure the accuracy of the, of the information considered, and it did not do that here. The very did preserve this issue in a motion to read reconsider, and the trial court abused its discretion in relying on Barry's late 1978 arrest to find that he committed the underlying offense after February 1 1978, and thereby qualified to be sentenced as a class x offender. On arrest date is just unreliable evidence to show that someone committed a murder around that time. The circuit court did not exercise the necessary care and aired in sensing Barry as a class x offender. Therefore, this court should reverse Barry sentence and remand for resensing. If it does not reverse all the convictions under argument one. Third, this court should reverse Barry's conviction for sexual exploitation of a child because Barry's trial counsel was ineffective for failing to move to dismiss the underlying count. Due to a speedy trial violation council failed to move to dismiss this charge, even though the state initially charged Barry in November of 2015, but failed to file the sexual exploitation charge until June, 2017. The, the sexual exploitation charge was based upon the same facts as one of the initial charges from November 2015, but because the sexual exploitation charge included both new elements and newly alleged conduct. The original charges did not provide sufficient notice to Barry of the sexual exploitation charge compulsory compulsory joinder applied and sexual exploitation count, and the hundred and 20 days speedy trial period began to run. When the original charges were filed in November, 2015, Barry's counsel was ineffective when he failed to move to dismiss the sexual exploitation count, and this court should reverse that that conviction, the state's argument in their brief that they that the state actually filed the counts in December of 2015, when they fall to the motion to add two additional accounts, Mrs. A key point, the state did not attach the most counts to the motion. Thus, the motion did not apprise Barry of the newly alleged conduct for the 18 months between the state filing the motion to add new counts, and it being granted Barry did not know that the state sought to prove that that he exposed his sex organ so that AR could see it, and it was for his or her gratification based upon the preliminary hearing Barry was only aware that that AR had told police that he had exposed his penis to her. But up until counts three and four were filed, the state had not sought to prove that Barry did that and did it for his own or her sexual arousal. Also note, notably in the, in the motion to add counts. It, it listed the, the, it didn't list part of the charge but it did not list the exact charge it listed just 511 dash 9.1, but he could have been charged under a one, a two, or, or a dash five. So, with respect to this speedy trial issue, looking at the trial courts comments. I think the trial court talked about looking at continued one sins continuances globally. How can we know that emotion to dismiss this charge on speedy trial grounds would have been granted. Right. So, when the court was talking about that it was actually as to a completely different issue. There was a motion to dismiss a, a sexual sexual violent persons of proceeding. And so it was a constitutional speedy trial attack. And for this one, basically they filed it after the 120 days, so they because it'd be clocked for counts three and four started in November of 2015. They were not filed until June of 2017, and the case law is clear that the continuous instances court charges that have already been filed and not apply to charges that should have been should have been filed together under compulsory joiner. And so, any of those continue continuances could not be put upon the defendant, because he was not facing those charges. When those continuances were made. So, a move to dismiss when it was filed would have been granted because the state's clock to bring those charges had already expired over a year earlier. As Isabel explained the focus is on whether the charging instrument gave the defendant sufficient notice of the subsequent charge to prepare adequately for trial on those charges by filing the, the sexual exploitation charge state proceeded on a new legal theory of guilt that brought forth newly charged elements and newly alleged conduct, because none of the continuances that Council agreed to, as to the, as to the original charges told the speedy trial period for the sexual exploitation charge. The 120th day of the term was March 5 2016, well before the state filed the sexual exploitation charge on June 21 2017. This court should hold that Council provided division representation, when he failed to dismiss the sexual exploitation charge and very separate prejudice because the motion would have been granted. This court should reverse various conviction for sexual exploitation, as it of a child, as alleged in count for. If there are no further questions. I have a question. Mr. Allen, if this court were to agree with your per se conflict argument. Do we need to address your other two issues. No, no, you do not. The, because then it could be returned to the trial court for Council to move to dismiss the, the account for sexual exploitation. And if Barry was convicted on retrial, then the state could proceed on providing the sufficient evidence to establish the two predicates. Thank you. I see no other questions we'll hear from you on rebuttal. Thank you. Let's reveal. May it please the court. My name is Brittany Whitfield appearing on behalf of the appellee, people of the state of Illinois. Your Honors, the three issues presented for this appeal are one, whether defendants trial Council had a per se conflict of interest and if so, what a defendant knowingly waived his right to conflict free representation. Number two, what the defendants trial Council was ineffective for failing to move to dismiss count for due to speedy trial violations, and number three, or the trial court error in finding that defendant was class x eligible. Taking these arguments in briefing order, I began with the per se conflict of interest and what the defendant need knowingly waived his right to conflict free representation. Also may I ask you a question please on this first issue. Yes. Did the trial court is it reflected any place in the record that the trial court ever explained to the defendant, the significance or the import of this conflict of interest talked about possible harm, how it could affect the defendant or representation or the case. Is that any place in the record. Your Honor, explicitly there is not any part of the record where the trial court explained that those things to defend it. However, the record does show that in open court. After the state and counsel defense counsel did explain the limitations of the representation of the state's prosecution witness Kirk that big explained that Kirk's representation was wholly unrelated to defendants case, and that he had not discussed any of defendants of Kirk's potential testimony, or any of the facts of this case with Kirk, so I believe that the trial judge took what was expressed on the record as providing the significance of counsel bigs representation of curve during the contemporaries period that he represented the fit. But isn't what's required a knowing waiver. How does what you just explained amount to a knowing waiver. Your Honor, it amounts to a knowing waiver because after the significance was explained, such as it being whole, such as Kirk's representation being wholly unrelated to defendants case. Under these particular circumstances, that was the extent of the knowledge necessary to provide a waiver. In this case, Kirk's Kirk's testimony did not provide anything that she was prior previously represented for by with big. So big explained that he was relating, he was representing Kirk in a civil matter, wholly unrelated to a criminal case, and outside of the entire realm of the big also explained that he discussed these things with defendant, and when defendant was questioned by the trial court whether that discussion had happened, and whether defendant understood and saw no problem with Kirk. Also having been represented contemporaneously with him defended answered affirmatively. What case authority are you relying on to indicate to us that that was sufficient. Your Honors, I am relying on people the pool, a case from this court in 2015, where they cite a case, people be Hernandez from 2008 in Hernandez the court explained that when a defendant could have made an informed decision about this about the situation, and the conflict could have been waived had defendant desired so defendant in the pool case was not afforded the opportunity to be heard because he was never explained on the record about the significance of his case. So with Hernandez, Your Honors, it reads that when there is no discussion whatsoever on the record that provides the significance of the representation of contemporary representation between a prosecution witness and the defendants representation that that would be considered on the side of error for this court. However, in this case, on the record, defendants representation and its full extent was explained representation was explained in its full extent. Sorry I misspoke. You're saying the representation was explained in its full extent. I thought we just established that all that was disclosed was that there was representation and it was a civil matter and it was concluded. How is it full extent. That's the full extent necessary under these circumstances, Your Honor, without having to go into much detail and crossing the line between that civil case in this criminal case, the defense attorney explained that that was the entire realm of his representation with Kirk, where it showed that he did not cross the line between his representation of Kirk in the civil matter and defendants criminal matter representation, because none of Kirk's potential testimony was ever discussed according to the record with Kirk for this case for this criminal case, Your Honor. Counsel, what I what I think is lacking from your argument is that Kirk's credibility would have been an issue. And it should have been explained to defendant here that his attorneys ability to challenge her credibility might have been more difficult for him because of his prior representations, and I don't think that your argument addresses that and to me that's really important. Your comment. Your Honor, I understand the significance of that lapse in my argument, because there is a constitutional right to conflict free representation and defense counsel could have had the opportunity to express that there could be some potential issue or bias, just from not being able to fully be impartial, but the impartiality issue. I believe was addressed when he said that the matter was concluded in completely wholly unrelated. Also during Kirk's testimony and cross examination defense counsel provided a line of questioning to Kirk that show that he was able to act impartially to his prior representation by questioning Kirk about the discrepancies in her testimony regarding the closet situation, and how, how she was aware that someone had been inside of the closet, given the closet being a shared closet between herself and the victim would counsel if it's a has the potential to be a per se conflict of interest. Why would we look at the performance later in the trial. I mean you you've you've noted that, you know, he, he did cross examine and or talk to her about her discrepancies, but that's doesn't isn't that coming at it from the wrong direction. Yes, Your Honor, there's likely a better direction to address the better direction might have been at the trial court had simply explained, which is the importance of making a record. If the trial court had said more to the defendant, and there had been a greater discussion on the record, which could have been very brief. Would you agree this would not even be an issue in this case. Your Honor without conceding absolutely. However, they're never asked you to concede but I will, I will suggest that, practically speaking, we know that's what should have occurred. Yes, Your Honor. And there's a line of case law that follows where there is no detailed admonishment that must be made verbatim. However, with clearer direction I believe that the trial court can give better admonishments to ensure that this issue is not a continuing one within the circuit courts. Moving on to the second brief argument, whether the motion to add counts violated defendants right to a speedy trial. It is clear from the record that on December 23 2015, the state filed the state made a motion to add counts three and four, and it was not until June 21 2017 that the state was granted the opportunity to file those motions by the trial court. This series of time was attributed to defendants request for continuances from the period of time when the case began until representation was made in 2017 on June 21. So, counsel, may I ask a question. Yes. Do you agree with counsel opposing counsel that compulsory jointer applied here. And then leads to the conclusion that indeed the speedy trial requirement was violated. No, Your Honor, I do not agree with opposing counsel that compulsory jointer applied here and therefore led to a speedy trial violation. So why wasn't there compulsory jointer of these counts. Your Honor, I do see that compulsory jointer is applicable but I do not believe that, by the record, the speedy trial violation occurred. In order to support a finding of compulsory jointer we look at the facts of the new charge counts, counts three and four, which show that they were raised from the same transaction or occurrence as counts one and two that were originally filed by the state. Defense counsel's argument is that those counts three and four were not, defendant was not sufficiently notified of the elements of counts three and four in order to put him on notice that those could later be added from that same transaction occurrence. However, the testimony from Detective Jim Stapleton provided during the preliminary hearing that there were elements that were charged in counts three and four that were very much applicable to counts one and two, and all applied at the same time. The facts show that on the night of the incident, defendant allegedly showed or exposed his private regions to victim A.R. and that he had touched her breath, and he committed the act of sexual conduct with her while underage for the purpose of sexual arousal or ratification. That was what count one only addressed the touching of A.R.'s breast, but also addressed the sexual arousal or ratification for defendant. The issue with the speedy trial violation is that when there was a series of continuances and those delayed were occasioned on defendant's own motion to continue, unfortunately, we ended up outside of the 120-day traditional window to add the counts. However, the delay, according to the same statute, 725 ILCS 5-1-3, delay shall be considered to be agreed to by defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record. And in this case, the delays are clearly attributed to the defendant. The motion simply did not have the opportunity to be heard between the four times that defense counsel was changed and the reasonable continuances to allow new defense counsel to become acclimated to the facts of the case in order to provide adequate representation. You may proceed. Finally, the third argument, whether the trial court error in finding that defendant was class X eligible with respect to the documents that were relied upon. In this situation, the trial judge had to rely upon the documents that were provided for him in error on the side of reason in order to avoid abusing discretion and sentencing defendant to a class X. In finding that defendant was class X eligible. What was provided to the trial judge was a lead sheet that was not contained within the record, along with a PSI and a rap sheet. The trial judge, after taking a moment to continue the case in order to review new documents, later found that defendant was class X eligible and that the murder occurred after February 1st, 1978. This finding was based on reasonable and reliable documents. And there is case law supporting the findings that circuit documents from the clerk's office are reliable documents for a court to use in order to avoid abusing his discretion. But counsel, these documents were not actually given to the trial court judge where they, it was, we talked about the fact or opposing counsel talked about the fact that the leads document was not given to the court, correct. That is correct, Your Honor, the leads document was not submitted into evidence. Right. And the rap sheet showed arrest dates, but not dates of conviction. Isn't that right? That is also correct, Your Honor. So then what did the trial court have to rely on to show dates of conviction? Your Honor, the trial court explicitly stated that based on the state's exhibits and on and off the record conversations with all parties present, the, in the document from the Cook County, the 78 arrests puts defendant within the statute for classic sentencing. So it is unclear entirely what every piece that the trial court relied on, but the trial court did express that it did rely on the docket and the document from the Cook County, from Cook County in order to base its decision and not abuse his discretion. You may continue. To conclude for the foregoing reasons, the state respectfully request that this court find in favor of the penalty and affirm the rulings of the trial court. Thank you for your time, Your Honors. If there are no further questions. Mr. Allen, the rebuttal. First, I just like to note that People v. Poole, which the state discussed in their argument, is not cited in the state's response brief. And as to the waiver of conflict, there just was not enough discussed on the record. Barry's attorney explained that he no longer represented Kirk, but this came after Kirk had already testified at the hearing on the 1-1510. And, you know, he simply just did not say enough, saying it was unrelated, a negotiated civil matter. More needed to be discussed so that Barry could understand the significance of what he was waiving by his counsel's conflict for contemporaneously representing a state's witness. As to the second issue, the state just needed to file counts three and four before March of 2016. There was nothing preventing them from doing that. Barry's continuances on the other counts did not prevent the state from filing those charges. The sexual exploitation charge was based upon the same facts as the initial charges, but that charge included both new elements and newly alleged conduct. And the original charges did not provide sufficient notice to Barry of the sexual exploitation charge. Thus, that motion to add new charges did not apprise Barry of the newly alleged conduct. Based upon the preliminary hearing, Barry was only aware that A.R. had told police that he had exposed his penis to her. But until counts three and four were filed, the state had not sought to prove that Barry did that and did it for his or her sexual arousal. Instead, the preliminary hearing indicated that the state would use that information to support that he knowingly touched A.R.'s breast for the purpose of his sexual arousal. For the 18 months between the state filing the motion to add new counts and it being granted, Barry did not know that the state sought to prove that he exposed his sex organ so A.R. could see it and for his or her sexual gratification. As to the third issue, the lead sheet was not provided to the trial court. The rap sheet only was the state simply made a claim as to what they said and they had already misconstrued the rap sheet. As pointed out earlier, the court relied on the documents from the clerk's office, not the lead sheet, and those documents just say the arrest, not the day of the offense, and that is not enough. In conclusion, this court should reverse all of Barry's convictions and remand for a new trial because James Barry's trial counsel suffered from a per se conflict of interest and Barry did not knowingly waive his right to conflict-free counsel. If this court does not, it should still reverse Barry's sentence and remand for resentencing under argument three and reverse Barry's conviction for sexual exploitation of a child as outlined in argument two. Thank you. Thank you, counsel. I could not tell from your arguments your length of experience, but I thought both arguments were good and you are at least new to me with OSAD and with SAP. I think you did a fine job today and you answered questions candidly, which always gains you points for credibility with the court and that counts for future cases. Perhaps this is your first argument in front of members of the 4th District. Whether that is so or not, it is your first argument before Justice Catherine Zinoff, who has joined us from the 2nd District after redistricting occurred, and we are pleased to have her here and I would like for you to acknowledge her and greet her, please. Good afternoon, counsel. Nice to meet both of you and I agree wholeheartedly with Justice Connect. I think you both did an excellent job in your arguments. Thank you and welcome to the 4th District. Thank you. Welcome to both of you. Are you actually fairly new? Mr. Allen? No, I actually briefly transferred from the 1st District's OSAD office to the 4th District's OSAD office for about 16 months and I recently transferred back to the 1st District, but I've been with OSAD for about six and a half years. Yes, thank you. We'll take this matter under advisement.